[No. 13103.  In Bank. — March 19, 1889.]

SMITH HAILE, Petitioner, v. THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, Respondent.

PROHIBITION — INSOLVENCY — RECEIVER — RIGHTS OF ASSIGNEE FOR BENEFIT OF CREDITORS. — A writ of prohibition will not lie in favor of an assignee of an insolvent debtor for the benefit of creditors to prevent a superior court in a subsequent proceeding in insolvency, instituted by the debtor, from ordering a receiver to take possession of all the property of the insolvent, and to sell the same. Such order could not in any way affect the rights of the assignee, and if the receiver should take property belonging to him under the order in the insolvency proceeding, he would be a mere trespasser, against whom the assignee would have his remedy; but he cannot resort to the extraordinary remedy of prohibition.

APPLICATION for a writ of prohibition against the Superior Court of San Bernardino County.

The facts are stated in the opinion of the court.

*Paris & Fox*, and *H. Goodcell, Jr.*, for Petitioner.

*Rothchild & Ach*, for Respondent.

WORKS, J.—Application for a writ of prohibition. Order granting alternative writ, with leave to the respondent to move to vacate the same. The motion to vacate has been made, and presents the questions to be considered.

The facts as they appear from the petition are substantially these: On the second day of January, 1889, one W. R. Tolles, being in insolvent circumstances, made an assignment to the petitioner of the property in controversy, for the benefit of her creditors. The necessary inventory and bond was filed, and the property taken into his possession. On the 16th of the same month one Sachs, a creditor of Mrs. Tolles, brought his action in the court below to recover his debt, and caused the property assigned to the petitioner to be attached, whereupon the petitioner brought his action against the

sheriff to recover possession of the property. While matters stood in this condition, Mrs. Tolles filed her voluntary petition in insolvency, from which it appears that the property here in controversy had been by her assigned to the petitioner, as above stated. She was duly adjudged to be an insolvent, and the sheriff ordered to take charge of her property. Thereupon the creditors filed their petition, setting out that the property of the insolvent consisted of a stock of millinery goods and other property, and stating certain reasons tending to show a necessity for the immediate sale of the property in the interest of the creditors. The petition entirely ignores any claim of the petitioner here to the property as assignee or otherwise. The validity of the assignment to him is not questioned, nor does it appear upon the face of the proceedings that the property sought to be placed in the hands of a receiver is the same property that had been assigned to him, except that such an inference may be drawn from an allegation in the petition that the property mentioned therein is in the hands of the sheriff and in litigation. Upon the filing of this petition, an order was made reciting the substance of the petition, and concluding as follows: "It is therefore ordered that E. C. Seymour be and he is hereby appointed such receiver, upon taking the oath and giving a bond to the state of California, as required by law, in the sum of twenty-five thousand dollars, and that upon qualifying, he take charge and possession of all property of said insolvent, real, personal, or mixed, whatsoever and wheresoever situated, and all persons having the same, or any part thereof, in his possession or their possession are hereby directed to deliver the said property to said receiver, and all persons owing money to said insolvent are hereby directed to pay the same to said receiver, and said receiver is hereby authorized and directed to sell and dispose of all of said property at public or private sale, as he may deem best, after giving at

least ten days' notice of such sale by publication in at least one newspaper published in the following named cities, to wit, San Bernardino, Los Angeles, San Francisco; and that he keep the proceeds of such sale, less the necessary expenses and charges of preserving and disposing of said property, subject to the order of this court."

It is alleged in the petition here that the court below, without notice to the petitioner, ordered the receiver to take possession of and sell the property assigned to him, and it was contended at the argument that the court had no jurisdiction of the person of the petitioner, and therefore no power to adjudicate upon the question as to his right or title to the property, and no authority to order his property to be sold.

But the petition shows upon its face that the court below did not assume or undertake to adjudicate upon the title or claim of the petitioner to any property, nor did it order the sale of any specific property, or any property owned or claimed by him. The whole proceeding appears upon the face of the petition and exhibits, and shows that the order was, that the receiver take charge of "*all property of said insolvent*, real, personal, and mixed," and that "all persons having the same, or any part thereof, in his or their possession are thereby directed to deliver the said property to said receiver," and the same property is ordered to be sold.

The proceedings and order, being set out as a part of the petition, must control in determining what action was taken by the court below as against the allegations of the petition itself.

The order of the court below could not affect the petitioner's rights in any way. If the receiver has taken property belonging to the petitioner under the order, he has done so without authority, and is a mere trespasser. This being the case, the petitioner has his remedy against the person claiming to act as such receiver, and

cannot resort to the extraordinary remedy of prohibition.

Motion to vacate order granting the alternative writ of prohibition is allowed.

BEATTY, C. J., McFARLAND, J., SHARPSTEIN, J., and PATERSON, J., concurred.